**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 23-84-DLB**

**CORY HULSE**                                                                                                 **PETITIONER**

**v.**                                **MEMORANDUM OPINION AND ORDER**

**DAVID LEMASTER, WARDEN**                                        **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Cory Hulse filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' calculation of his sentence. (Doc. # 1). The Warden filed a timely response (Doc. # 10), and Hulse then filed a reply. (Doc. # 11). The parties agree that Hulse properly exhausted his administrative remedies. (Doc. # 10 at 2 n. 1). The matter is thus ripe for the Court's review. For the reasons that follow, the Court will deny Hulse's request for habeas relief.

In his petition, Hulse asserts the Federal Bureau of Prisons ("BOP") has failed to properly calculate his sentence. Specifically, Hulse claims the BOP has improperly calculated his time under the First Step Act ("FSA") and that he is owed an additional thirty-five days of credit. (Doc. # 1).

The FSA allows a prisoner to earn credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). According to the statute:

> **(4) Time credits.—**
> **(A) In general.—** A prisoner . . . who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
>> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>>
>> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(4)(A).

The BOP interprets subsection (ii) to mean that in order to earn 15 days of credit rather than 10, two requirements must be satisfied: first, an inmate must be determined to be at low risk of recidivism and, second, the inmate must not increase his or her recidivism risk for two consecutive assessment periods. *See Khatiwala v. Rickard*, Case No. 4:23-cv-00327, 2023 WL 6143509, *4 (M.D. Pa. Sept. 20, 2023). Consistent with that interpretation, Hulse received 10 days of credit for every 30 days of program participation for the duration of his first two assessment periods. (Doc. # 10-1 at 6). Then, when his recidivism risk did not increase, he began earning 15 days of credit for every 30 days of program participation going forward. (*Id.*). Hulse takes issue with this method of calculating his FSA days.

Essentially, Hulse believes the BOP's interpretation results in a misapplication of 28 U.S.C. § 3632(4)(A)(ii). In his petition and reply brief, Hulse argues the second requirement—that an inmate not increase his recidivism risk for two consecutive assessment periods—is not a necessary precondition to earning 15 days of credit. Hulse

2

would interpret the statute to mean that low-risk inmates who do not increase their recidivism risk should be credited with 15 days of time not only going forward but also "over the period of time which contains the first two assessments." (*See* Doc. # 11 at 2). In Hulse's case, this would result in earning 15 days of time per 30 days since the start of his FSA programming. (*Id.*; *see also* Doc. # 1).

District courts throughout the country have rejected Hulse's interpretation of the FSA. (Doc. # 10 at 8, citing multiple cases). As one court, analyzing the plain language of the statute, noted:

> The statute does not say "shall be credited with," or "shall receive," or any other phrasing that would imply immediate or retroactive application of time credits at a rate of 15 credits per 30 days . . . . Rather, only when a prisoner obtains a "minimum" or "low" risk *and* has not increased their recidivism risk over two consecutive assessments can they begin to *earn* time credits at a rate of 15 credits per 30 days of successful programming.

*Khatiwala*, 2023 WL 6143509, at *5 (emphasis in original). In other words, maintaining a minimum or low risk of recidivating over two consecutive assessments is "the triggering event" for earning 15, rather than 10, days of credit. *See Laksonen v. Eischen*, Case No. 22-cv-2868, 2023 WL 3072434, at *3 (D. Minn. April 25, 2023). While Hulse clearly believes the BOP is misinterpreting the statute, he has set forth no binding or persuasive legal authority that would lead the Court to break from these other courts and the agency's interpretation of its own statute. The Court, therefore, finds no error in the BOP's calculation of Hulse's sentence.

For these reasons, the Court hereby **ORDERS** as follows:

(1)   Hulse's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2)   This matter is **CLOSED** and **STRICKEN** from the docket; and

3

(3)   Judgment will be entered contemporaneously herewith.

This 16th day of January, 2024.



L:\DATA\ORDERS\PSO Orders\Hulse 0-23-84 Memorandum Opinion and Order (2241).docx

4